RATLIFF *v.* JACKSON.[*]

(Division A. Oct. 15, 1928.)

[118 So. 418. No. 27291.]

*Corpus Juris-Cyc References: Vendor and Purchaser, 39Cyc, p. 1391, n. 55. As to duty of vendor to furnish abstract showing title, see annotation in 43 L. R. A. (N. S.) ,44; 7 A. L. R. 1166; 27 R. C. L. 512; 3 R. C. L. Supp. 1515; 6 R. C. L. Supp. 1653.

*Rawls & Hathorn,* for appellant.

488

*R. H. Dale* and *Goss & Goss,* for appellee.

Cook, J. Prior to December, 1922, the appellee and her husband, Frank Jackson, contracted to purchase a certain house and lot. This property was conveyed to one Dr. Chapman, and appellee and her husband executed promissory notes payable to Dr. Chapman for the agreed purchase price, while Dr. Chapman contracted to convey the property to appellee upon full payment of the purchase price.

In December, 1922, there was a balance due Dr. Chapman of three hundred eighty-nine dollars and fifty cents, and appellee having defaulted in her payments, the appellant here, D. A. Ratliff, agreed to take up this indebtedness. Thereupon, Dr. Chapman conveyed the property to appellant for the sum of three hundred eighty-nine dollars and fifty cents, and appellant contracted to convey it to appellee upon the payment of said sum. Appellee and her husband agreed to pay said sum of three hundred eighty-nine dollars and fifty cents in ten monthly installments, and executed their promissory notes for these installments. The contract between these parties provided that appellee should pay all taxes accruing against said property during the life of the contract, and that, if default was made in the payment of said notes and such default should continue for a period of thirty days, appellant, at his option, might declare the contract null and void, and might retain any payments made to him before such default as rent and liquidated damages for breach of contract. Prior to March, 1924, appellee and her husband paid all the notes except three, but thereafter defaulted in the payment of the notes and the taxes due on the property.

In February, 1927, appellant filed his bill in the chancery court seeking to exercise his option to declare the contract null and void, and praying the court to declare it null and void, and to cancel the contract as it appeared of record in the office of the chancery clerk, and to cancel all claims, legal and equitable, that appellee had to said property, and to decree that appellant was the owner thereof free from any claims or demands on the part of appellee and her husband. To this bill, appellee filed an answer and cross-bill praying that appellant be required to execute and deliver to appellee a deed to said property, upon her paying to him the balance due thereon, with interest and attorney's fees.

Upon final hearing the chancellor granted a decree denying the relief prayed for in the original bill and granting the prayer of the cross-bill. This decree adjudged the amount due to the appellant by the appellee for the balance of the purchase price of the property and taxes paid by him, with interest and attorney's fees, and directed that appellant deliver a deed conveying the property to appellee upon payment of the amount found to be due to him, and taxed the appellee with all costs of the suit. The decree made no provision for a sale of the property to satisfy the indebtedness in the event appellee failed to pay the amount found to be due. From this decree, appellant prosecuted this appeal.

The first assignment of error is based upon the action of the court in denying the right to forfeit and cancel the contract between the parties. The proof in this case very clearly established the fact that the legal title to this property passed to the appellant merely as security for the repayment of money advanced to pay the indebtedness due by appellee to Dr. Chapman, and it will only be necessary to consider whether the appellant waived his right to declare a forfeiture under the contract. The proof shows that the appellee defaulted in the payment of her notes in October, 1923, and the appellant did not exercise his option to declare a forfeiture of the contract between him and appellee until he filed this suit in February, 1927, about three years and four months after such default. In the meantime, he paid the taxes on the property and received from the appellee or her husband repayment of all these taxes except the sum of fifteen dollars and ninety-five cents, the taxes due for the year 1926, and certain back taxes for the years 1919 and 1920, which were paid by the appellant after the filing of this suit.

In the case of *Gannaway* v. *Toler*, 122 Miss. 136, 84 So. 131, in discussing an optional right under a contract to declare a forfeiture after default, this court said:

"The rule seems to be well settled in all jurisdictions that the vendor, who has the whiphand in the optional contract of forfeiture, must exercise his option promptly after default is made by the vendee; otherwise his failure to do so is taken to evidence his purpose of continuing the contract, which amounts to a waiver of his right to declare a forfeiture. . . . Of course, courts of equity will uphold contracts as they are written and enforce forfeitures against the defaulting party; but, where the power of option is placed in the hands of one of the parties to the agreement, the advantage over the other being so great, and so susceptible of abuse, it is but right, and a court of equity will so hold, that the party with the advantage of power in the contract shall act with promptness in deciding whether he will terminate the contract, and must do so at the earliest reasonable time after the default of the helpless party."

Applying this doctrine to the case at bar, we think the delay of three years and four months after the default, during which time the appellant received from the appellee reimbursement for taxes paid by him, which, under the contract, appellee was required to pay, was a waiver of the right to declare a forfeiture, and that the decree of the court below in so far as it denied a forfeiture and awarded relief on the cross-bill was correct.

The appellant next contends that in any event the decree of the court below was erroneous, in that it failed to impress upon the land an equitable lien, and to appoint a commissioner to sell the land for the satisfaction of the sum adjudged to be due the appellant, in event the appellee fails to pay said sum in accordance with the terms of the decree. This contention, we think, is correct. Under the general prayer of the bill of complaint, the court should have ordered a sale of the land to satisfy the sum adjudged to be due appellant, in event appellee fails to comply with the decree by tendering payment of said sum.

The decree of the court below will therefore be affirmed in so far as it awarded relief on the cross-bill, but will be reversed in so far as it dismissed the original bill without ordering a sale of the land to satisfy the sum adjudged to be due to appellant, and the cause will be remanded for decree in accordance with this opinion.

*Affirmed in part, and reversed in part and remanded.*