375 So.2d 980 (1979)
Dennis Ray STABILER et ux.
v.
F.E. WEBB.
No. 51386.
Supreme Court of Mississippi.
September 12, 1979.
Rehearing Denied October 31, 1979.
*981 Hopkins & Logan, Floyd J. Logan, Gulfport, for appellant.
Estes & Estes, G.E. Estes, Jr., Gulfport, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This suit was instituted in the Chancery Court of the First Judicial District of Harrison County, Mississippi, by F.E. Webb, appellee herein, for cancellation of a contract for the purchase and sale of certain real estate, possession of the real property involved, for unpaid installments and for damages for the wrongful detention of the property.
The cause came on for hearing in due course and was submitted to a special master for hearing. The master subsequently filed his findings of fact which contained, inter alia, the following:
I.
That the complainant was and is the owner of record of the subject property of the lawsuit; that on July 16, 1974, the parties hereto entered into a sales contract, the terms of which provided that the defendants pay unto the complainant the sum of $27,200.00, $200.00 upon the execution of the contract and the further sum of $27,000.00 in 227 monthly installments of $200.00 each including interest at the rate of six percent per annum; further that said contract provided that the defendants pay all taxes and insurance premiums on the subject property for the year 1974 and all subsequent years.

*982 II.
That said contract further provided "in case the party of the second part (the defendants) shall be delinquent in the payment of any two of said payments or otherwise defaults in the payments of the above described, then this contract shall be ex post facto terminated, and all monies paid under and by virtue of said contract shall be forfeited to the party of the first part (the complainant)"; that on or about October 16, 1977, the complainant gave notice to the defendants that because of the hereinbelow described defaults under said contract, the said contract was cancelled and that possession was required of the subject property; that the defendants failed and refused to deliver said subject property unto the complainant.
III.
That as of October 16, 1977, the defendants were more than two installments in arrears under the terms of said contract, and in fact, were in arrears in the total sum of $1,880.87; that in addition, neither county nor city taxes on the subject property had been paid by the defendants and that they were therefore in arrears for the payment of the same in the sum of $958.49; that in addition, said defendants were in arrears for payments of insurance premiums of the subject property as of October 16, 1977, in the sum of $784.00; that therefore, as of October 16, 1977, the defendants were thus in default under the terms of said contract in the total sum of $3,623.36 in past due installment payments, taxes and insurance.
IV.
That the defendants have had the continued possession of the subject property since October 16, 1977, and have paid nothing unto the complainant since that date: That they therefore owe the complainant, as of April 21, 1978, the additional sum of $1,200.00 in past due installments under the terms of the sales contract.
V.
That the defendants, as of April 21, 1978, owe unto the complainant the total sum of $4,823.36 for the past due installments, taxes and insurance, ...
There was no objection interposed to any part of the special master's finding of facts; consequently, under well-settled law, those findings are not now reviewable except as to conclusions of law. Griffith, Mississippi Chancery Practice section 605 (2d ed. 1950).
Pursuant to the special master's report of his findings, the chancellor entered a final decree which provided, in material parts, as follows:
III.
That as of October 16, 1977, the Defendants were more than two installments in arrears under the terms of said Contract.
That the findings of the Master in Chancery are that Defendants are in default in making payments in the amount of $3,080.87, taxes in the amount of $958.49 and insurance in the amount of $784.00 for a total delinquincy (sic) of $4,823.36.
IV.
That no damage award should be made to Complainants for the wrongful detention of the property by the Defendants.
V.
That the Contract between the parties, dated July 16, 1974, should be cancelled and terminated, and that the Defendants should be required to peacefully deliver possession of the subject property unto the Complainant without harm of willful waste, ordinary wear and tear only excepted; that all costs should be taxed against the Defendants. It is therefore,
ORDERED, ADJUDGED and DECREED that there is due from the Defendants *983 to the Complainant the following sums to the date of this Decree.
For past due installment payments, taxes and insurance to April 21, 1978, the sum of ... $4,823.36.
for which sum judgment is hereby granted. It is further,
ORDERED, ADJUDGED and DECREED that the Contract between the parties, Complainant and Defendants, dated July 16, 1974, be and the same is hereby cancelled and terminated and the Defendants and each of them are hereby required to peacefully deliver possession of the property, free from willful waste and damage, ordinary wear and tear only excepted, . .. on or before October 9, 1978... .
The defendants, in their answer to the bill of complaint, during the hearing of the cause and prior thereto steadfastly denied that they were in arrears in any sum whatsoever on the contract prior to October 16, 1977, when Webb declared it in default and demanded possession. At no time did they testify that Webb indulged them in late payments and by so doing allowed the payments to accumulate to their disadvantage.
The Webbs testified that repeated demands were made when payments were in arrears and that the Stabilers were advised that if the payments were not made that the Stabilers would have to give up possession of the property.
The Stabilers first assign as error that the trial court erred in decreeing that the contract between the parties was cancelled and terminated in that the seller waived his right to declare forfeiture.
They argue that a seller must exercise his option to declare forfeiture under a sales contract promptly after default is made otherwise his failure to do so is taken to evidence his purpose of continuing the contract, which amounts to a waiver of his right to declare forfeiture. Relying on Ratliff v. Jackson, 151 Miss. 486, 118 So. 418 (1928); Gannaway v. Toler, 122 Miss. 111, 84 So. 129 (1920); Denkmann Lumber Company v. Morgan, 219 Miss. 692, 69 So.2d 802 (1954).
They also argue that where a vendor has granted indulgence to the vendee for an indefinite time, the vendee can be placed in default only by a demand upon him for payment of the balance of the purchase price and an offer on the part of the vendor to perform his part of the contract. Citing Denkmann Lumber Co., supra.
They contend that at no time did the Webbs demand full payment from Stabiler and offer to deed him the property.
We are of the opinion that this case is readily distinguishable from the cases cited by the Stabilers. As stated earlier, the Stabilers' contention was that they were not in arrears in any sum whatsoever. Under those circumstances, a demand from the Stabilers for full payment, accelerating the payments under the contract, would have been useless.
Moreover, after the master determined that the Stabilers were in arrears in the monthly installments as well as insurance premiums and taxes, they failed to take advantage of Mississippi Code Annotated section 89-1-59, as amended March 25, 1975. This section reads as follows:

Where there is a series of notes or installment payments secured by a deed of trust, mortgage or other lien, and a provision is inserted in such instrument to secure them to the effect that upon a failure to pay any one (1) note or installment, or the interest thereon, or any part thereof, or for failure to pay taxes or insurance premiums on the property described in such instrument and the subject of such lien, that all the debt secured thereby should become due and collectible, and for any such reason the entire indebtedness shall have been put in default or declared due, the debtor, or any interested party, may at any time before a sale be made under the terms and provisions of such instrument, or by virtue of such lien, stop a threatened sale under the powers contained in such instrument or stop any proceeding in any court to enforce such lien by paying the amount of the note or installment then due or *984 past due by its terms, with all accrued costs, attorneys' fees and trustees' fees on the amount actually past due by the terms of such instrument or lien, rather than the amount accelerated, and such taxes or insurance premiums due and not paid, with proper interest thereon, if such should have been paid by any interested party to such instrument. Any such payment or payments shall reinstate, according to the terms of such instrument, the amount so accelerated, the same as if such amount not due by its terms had not been accelerated or put in default. (Emphasis added).
A contract for the purchase and sale of real property which provided for monthly installments comes within this section.
In 77 Am.Jur.2d Vendor and Purchaser § 415 (1975), it is stated:
The vendor under an executory contract for the sale of land is treated in equity as holding the legal title in trust for the purchaser, subject to the payment of the purchase money in accordance with the terms of the contract. Where the vendor reserves title until payment of the purchase price, many courts consider that he has a lien for the unpaid purchase price which is similar to a mortgage, his title being held merely as security for the debt. Where the purchaser is to have immediate possession and the vendor is to retain the title until the purchase money is paid, a lien on the land is created in favor of the vendor.
Also, see 77 Am.Jur.2d Vendor and Purchaser §§ 316 and 317 (1975).
We are therefore of the opinion that since the Stabilers did not take advantage of Section 89-1-59 after the court determined, contrary to their contention, that they were substantially in arrears under the contract they may not now complain, and the chancery court properly cancelled the contract.
It is next argued that the trial court erred in decreeing that appellants pay to appellee past due installments, taxes and insurance premiums in the total sum of $4,823.36.
The terms of the installment sales contract provided:
In case party of the second part shall be delinquent in the payment of any two of the said payments or otherwise defaults in the payments above described, then this contract shall be ex post facto terminated and all monies paid under and by virtue of this contract shall be forfeited to the party of the first part. (Emphasis added).
In United States Fidelity and Guaranty Co. v. Parsons, 154 Miss. 587, 122 So. 544 (Miss. 1929), this Court said:
"The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, so far as that may be done without contravention of legal principles," and, "contracts must be construed with reference to the intention of the parties at the time of entering into the contract."
Interpreted fairly, and in light of the entire agreement, this contract simply provides that in case the Stabilers failed to make the payments in accordance with the terms of the contract, they would forfeit what they had paid up to that time, and the vendor, Webb, would retain this sum as compensation therefor. Therefore, the court erred in entering judgment in favor of Webb for $4,823.36 for installments, taxes and insurance past due.
We have considered appellants' remaining assignment of error and are of the opinion that it is without merit.
The appellee in this case also prosecutes a cross-assignment of error, that is, the trial court erred in failing to award damages for the wrongful detention of the property from October 16, 1977 until possession was awarded.
Having found in the instant case that the contract was lawfully terminated as per the master's findings on October 16, 1977, and in view of the fact that the appellants refused to give up possession until they were ordered to by the chancery court on September *985 23, 1978, it is the Court's opinion that the appellee should be awarded fair rental for the wrongful detention of the property by the Stabilers.
Therefore, the cause should be remanded to the lower court to determine the amount to be paid Webb for the fair rental value beginning October 16, 1977 to the date that the Stabilers relinquished possession pursuant to the court's decree.
The case is affirmed as to the cancellation of the contract, reversed and rendered as to judgment for past due installments, taxes and insurance but remanded for determination of rental value.
AFFIRMED AS TO CANCELLATION OF THE CONTRACT; REVERSED AND RENDERED AS TO JUDGMENT FOR PAST DUE INSTALLMENTS, TAXES AND INSURANCE; BUT REMANDED FOR DETERMINATION OF RENTAL VALUE.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.